By the Court,

Savage, Chief Justice.
It is said that justices áre invested with power to hear, try, and determine the causes within their jurisdiction ; and for that purpose, where no special provision is otherwise made by Jaw, they have all the necessary powers which are possessed by courts of record in this state. 2 R. S. 225, § 1. This is not a new power ; it will be found in the revised laws of 1801 and 1813, and in the act of 1824; and the argument in favor of the power assumed in this case was supposed to be strengthened by the 79th section of the revised statutes, 2 R. S. 240, which says that no adjournment shall be allowed in any case to a party applying therefor, who shall have seen the account or demand of the oppposite party, unless such applicant, if required, shall exhibit his account or demand, or state the nature thereof as far forth as may be in his power, to the satisfaction of the justice. But this same provision is found in all previous revisions of the statutes. In this respect the powers of justices are the same they ever have been, and are not enlarged by the revised statutes. The provision, I apprehend, has nothing to do with the question of set-off upon the trial. At the time when the exhibit is required, the sole question before the justice is, the propri *557 ety of granting an adjournment; hence the party is to set forth the nature of his demand, to the satisfaction of the justice, who is to be reasonably satisfied that the party has good grounds for asking for an adjournment; that the witnesses stated to be absent, are necessary to support a bona fide demand which the party has, or at least supposes he has, and that injustice may be done, if he is driven to a trial instanter, without an opportunity to support his claim. This is the whole object of the provision in question ; and when adjournment was granted, the object was attained, and the parties upon the trial *were thrown upon the issue joined hy the pleadings. If an adjournment had not been asked for, it could not be pretended that the 79th section would give countenance to the power exercised by the justice in asking a bill of particulars. The power, therefore, must rest upon the first section, or some other section of the statute. The legislature have said what a defendant must do to entitle himself to the benefit of a set-off. The 51st section says, that “ to entitle a defendant to a set-off, he must plead or give notice of the same, specifying the nature of his claim with reasonable certainty, at the time of joining issue on a question of fact upon the merits of the cause.” Not that he shall give a particular of his demand, and insert every item, or be precluded upon the trial. It is true that such a power might be very convenient in some instances, but it is also true, that in justices’ courts, where suitors are supposed to conduct their own causes, great injustice might be done by introducing a system of practice which suitors generally are ignorant of. That it was intended that there should be more certainty than a mere general notice contains, I think is clear from the phraseology of the act, particularly when compared with the statute of set-offs in courts of record. 2 R. S. 355, § 19. “ To entitle a defendant to a set-off, he must plead or give notice of the same.” This is all the legislature say about it, and leave to the practice of the courts to regulate the particulars ; but when speaking of the same subject in a justices’ court, it is said not only that the defendant must plead or give notice of the same, but it is added that he shall specify the nature of his claim with reasonable certainty. He is not bound then to give a formal bill of particulars, but he is required to specify the nature of his claim with reasonable certainty ; it must be so specific that the plaintiff shall not be surprised upon the trial by any demand not embraced within the plea or notice ; and as there is no pretence of surprise in this case, I am of opinion that the judgment of the common pleas and of the justice ought to be reversed.